**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

ALAN COLE ONSTAD                                                                    PLAINTIFF
ADC #128493

V.                                             NO: 2:13CV00080 SWW/HDY

RAY HOBBS *et al.*                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

3.    The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## <u>DISPOSITION</u>

Plaintiff Alan Cole Onstad, currently incarcerated at the East Arkansas Regional Unit of the

Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on June 20, 2013, alleging

due process violations in connection with prison disciplinary proceedings, unconstitutional

conditions of confinement in the prison's isolation unit, and retaliation. On February 13, 2014,

Plaintiff filed a motion for partial summary judgment (docket entry #69). Defendants Todd Ball,

Danny Burl, Ray Hobbs, Larry May, Raymond Naylor, and Dexter Payne, filed a response in

opposition on March 20, 2014 (docket entry #103). Ball, Burl, Clay, Joanna Franklin, Hobbs, May,

Justine Minor, Naylor, Payne, Lorrie Taylor, and Keith Waddle, filed a motion for partial summary

judgment, a statement of facts, and a brief in support, on March 20, 2014 (docket entries #99-#101).

Plaintiff filed a response, brief in support, statement of facts, and a declaration, on April 7, 2014

(docket entries #110-#113). Plaintiff also filed an addendum on April 21, 2014 (docket entry #126).

Defendant Lathan Ester filed a motion for summary judgment, a statement of facts, and a brief in

support, on April 9, 2014 (docket entries #116-#118). Plaintiff filed a response to Ester's motion

on April 21, 2014 (docket entry #127).   Finally, all Defendants filed a motion for summary judgment, statement of facts, and brief in support, on April 15, 2014 (docket entries #122-#124). Plaintiff filed a response on April 25, 2014 (docket entry #128).   Defendants filed a reply on May 2, 2014 (docket entry #130).

## I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case.  *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, the prison's disciplinary procedures violate his due process rights, the continuous illumination in the East Arkansas Regional Unit ("EARU") isolation unit amounts to cruel and unusual punishment, and Defendants have retaliated against him for filing grievances and lawsuits.   In his motion for partial summary judgment, Plaintiff asserts that it is

undisputed that the lights in the EARU isolation cells are constantly left on, and such conditions are unconstitutional.   In their motions, Defendants contend that Plaintiff failed to exhaust his administrative remedies with respect to any claim except for his retaliation claim against Defendant Takelia McDaniel.   Defendants argue that Plaintiff's claims against McDaniel fail as a matter of law.

<u>Exhaustion</u>

The Court must first resolve the issue of whether Plaintiff exhausted his administrative remedies before he filed this lawsuit.   The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).   The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their contention that Plaintiff failed to achieve exhaustion as to most of his claims, Defendants have provided affidavits from Barbara Williams, the ADC's Inmate Grievance Supervisor (docket entries #99-3 & #116-3).   According to Williams, Plaintiff has not exhausted any administrative remedy naming Hobbs, May, Burl, Ball, Payne, Naylor, Franklin, Clay, Waddle, Taylor, Minor, or Ester.   Citing attachments to his complaint, Plaintiff asserts that he did exhaust his administrative remedies.   Attachments to Plaintiff's complaint demonstrate that he did exhaust his administrative remedies with respect to his due process claim (docket entry #2, page #13), his constant illumination claim (docket entry #3, page #16), and his retaliation claim (docket entry #2, page #19).   It appears that the only Defendant actually named in any grievance was McDaniel in the grievance alleging retaliation.   Even though the grievance may not have named all the personnel involved, and was thus deficient under ADC policy, the United States Court of Appeals for the

4

Eighth Circuit has determined that such a failure is a procedural deficiency, and prison officials' acceptance and resolution of a procedurally deficient grievance, as occurred here, serves to establish proper exhaustion. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012)(PLRA's exhaustion requirements are satisfied if grievance is considered on the merits, even if it could have been denied for procedural deficiencies). *See also Bower v. Kelley*, 494 Fed.Appx. 718 (8th Cir. 2012) (unpublished per curiam). Although there are cases which suggest otherwise, *see Jones v. Hobbs*, No. 12-2002 (8th Cir., January 22, 2013)(unpublished per curim), under the circumstances here, Defendants have failed to meet their burden to demonstrate that Plaintiff failed to properly exhaust his administrative remedies.

Due process and constant illumination

Having determined that Defendants failed to prove Plaintiff has not adequately exhausted his administrative remedies, the Court must examine the substance of the claims he has raised. The material facts are not in dispute. On January 6, 2012, and February 1, 2012, disciplinary charges were filed against Plaintiff. In both instances, Plaintiff requested one key witness, but the witness was not allowed. Disciplinary charges carry possible sanctions including loss of good time, class status, and punitive isolation. Plaintiff was held in punitive isolation between November of 2011, and February of 2012. The lights in the isolation unit are on for 24 hours a day, every day.

Plaintiff has no right to a particular class status or early release based on good time or for any other reason. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas case law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, inmate could not

prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class

reduction); *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7

(1979)(no fundamental right to parole); *Hamilton v. Brownlee*, 237 Fed.Appx. 114 (unpub. per

curiam)(nothing in the Arkansas statutes creates a right of an inmate to be released on parole).[1]

Plaintiff's due process claim fails as a matter of law.

Although Plaintiff had no protected liberty interest at stake in the disciplinary hearings, he

has alleged the conditions in which he served his punitive isolation amounted to a constitutional

violation.  Plaintiff's cell conditions claim is governed by the Eighth Amendment.  To prevail on

a condition of confinement claim, inmates must show: (1) the condition was serious enough to

deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk

of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety.

*Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41

Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

Plaintiff asserts that the conditions in the isolation cells are unconstitutional because the

lights are constantly left on.  According to his motion for partial summary judgment, he was held

in the isolation cells from November 2011 through February of 2012, and again for 10 days in June

---

[1]Although it does not appear that Plaintiff's sentence was lengthened by any disciplinary sanction he received, any challenge to an action that resulted in a lengthening of the time Plaintiff is required to serve would have to be brought in a *habeas* action.  *See Heck v. Humphry*, 512 U.S. 477, 486-487 (1994) (if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*); *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use only *habeas* remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody).

of 2012.  Defendants do not dispute Plaintiff's assertions, and grievance responses attached to Plaintiff's complaint indicate that the lights are left on for security purposes.  Plaintiff relies on *Shepherd v. Ault*, 982 F.Supp 643 (N.D. Iowa, 1997), to support his contention that constant illumination amounts to cruel and unusual punishment.  However, the reasoning in *Shepherd* is not controlling here, because the plaintiffs in *Shepherd* were subjected to constant illumination for a lengthy period of time.  Here, Plaintiff was held in a constantly illuminated cell for only a limited period of time.  In such situations, the Eighth Circuit has in the past determined that twenty-four hour illumination of cells did not rise to the level of a constitutional violation.  *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987), *Ferguson v. Cape Girardeau County*, 88 F.3d 647, 650 (8th Cir. 1996).  The facts alleged by Plaintiff are more similar to *O'Donnell* and *Ferguson* than *Shepherd*.  Accordingly, the 24 hour illumination in the punitive isolation cells where Plaintiff was housed did not, for the limited period of time Plaintiff was there, rise to the level of a constitutional violation.

Retaliation

Plaintiff's final claim is that the prison administration has retaliated against him in the form of prolonged assignment to administrative segregation due to his use of the grievance process, and filing of lawsuits.  Plaintiff filed and exhausted a grievance, which was not defective, in which he alleged that McDaniel charged him with a disciplinary violation in retaliation for his grievances and preparation for a lawsuit.  The basis of the charge was Plaintiff's possession of other inmates' names and ADC numbers.  As the Defendants note, Plaintiff was convicted of one of the three charges made by McDaniel.  In the retaliatory discipline context, the Eighth Circuit has held that "no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was

7

not entitled to perform." *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). More recently, the Court has reiterated that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). Plaintiff's conviction of a disciplinary violation therefore precludes a retaliation claim against McDaniel. *See also Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145 (1995).

Additionally, McDaniel is the only Defendant named in the exhausted grievance. There is no allegation that Plaintiff's past grievances or lawsuit targeted McDaniel, or that she had any role in the length of time Plaintiff spent in administrative segregation. There is no evidence from which a retaliatory motive on the part of McDaniel could be inferred. McDaniel is therefore entitled to summary judgment. *See Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (inmate claiming retaliation is required to meet substantial burden of proving actual motivating factor for adverse action was as alleged); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (allegations of retaliation must be more than speculative and conclusory); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be liable, defendant in § 1983 action must have been personally involved in or directly responsible for conduct that caused injury).

Motion to compel

On March 21, 2014, Plaintiff filed a motion to compel, seeking certain documentary and photographic evidence (docket entry #105). However, none of the discovery sought would have any

impact on the legal basis for the conclusions reached in this recommendation.  Accordingly, the motion should be denied.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's motion for partial summary judgment (docket entry #69) be DENIED.

2.      Defendants' motion for partial summary judgment (docket entry #99), and their motions for summary judgment (docket entries #116 & #122) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

3.      Plaintiff's motion to compel (docket entry #105) be DENIED.

4.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this ___7___ day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

9